IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR310 |
| Plaintiff, | ) ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| GREGORY W. WEBSTER, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the following motion filed by the Defendant, Gregory W. Webster, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (§ 2255 motion") (Filing No. 217).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

The Defendant pleaded guilty to a one-count Indictment charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. The plea agreement was a cooperation agreement that also included the following provisions: a firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) applies; and an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that Webster was responsible beyond a reasonable

doubt for more than 15 kilograms of a mixture or substance containing methamphetamine. In his petition to enter a plea of guilty, Webster stated the following under penalty of perjury: he was satisfied with the representation of trial counsel and had no objections to his legal representation; he understood the charge, his right to plead not guilty, his constitutional rights including the right to a jury trial, and the minimum and maximum punishment of ten years to life imprisonment; he would likely be sentenced within his sentencing guideline range; no promises or threats were made to him besides those in the plea agreement; and he was voluntarily pleading guilty. (Filing No. 67.) While under oath, Webster affirmed the answers reflected in his plea petition, and he had no questions before entering his plea. (Filing No. 84.) Webster did not object to the Magistrate Judge's report and recommendation that his plea be accepted. (Filing No. 87.)

On July 25, 2003, Webster was sentenced to 360 months.[1] (Filing No. 128.) On June 14, 2005, the government filed a motion pursuant to Federal Rule of Criminal Procedure 35 in light of Webster's substantial assistance. (Filing No. 181.) At the Rule 35 hearing, Webster appeared by telephone. The Assistant United States Attorney, Thomas Kangior, stated that Webster was prepared to testify against Jerry Urkevich, although he was not called as a witness in Urkevich's trial, which resulted in a conviction. Also, Kangior stated that Webster was willing to testify in another case that resulted in a guilty plea. Based on Webster's willingness and availability to testify, the government's attorney was authorized to request a thirty percent downward departure, or 108 months. Defense counsel, John Velasquez, argued that Webster was instrumental in informing law

---

[1]Webster's sentencing guideline range was 360 months to life. (Filing No. 126.) He did not object to the PSR. (Filing No. 105.)

enforcement of Brian Swotek's whereabouts; however, Swotek was killed in the arrest and therefore Webster had no opportunity to testify in a case against Swotek. Velasquez requested an eighty-five percent departure. (Filing No. 197.) The Court carefully weighed both attorneys' comments, explaining that the Court gives substantial weight to the government's recommendation because the government is in the unique position of being able to evaluate the "nature and extent of the cooperation and the usefulness of the information that is provided." (*Id.*, at 8-9.) The Court noted that a 108-month departure is "very significant." (*Id.* at 9.) An Amended Judgment was filed reflecting Webster's 252-month sentence. (Filing No. 192.) Webster appealed. (Filing No. 191.) The Eighth Circuit Court of Appeals affirmed this Court's judgment in a per curiam opinion. Appellate counsel was granted leave to withdraw pursuant to *Anders v. California,* 386 U.S. 738 (1967). The Eighth Circuit rejected Webster's sentencing challenge, citing *United States v. Coppedge*, 135 F.3d 598, 599 (8th Cir. 1998) for the proposition that a challenge to the extent of a district court's departure on a Rule 35 motion is unreviewable.. (Filing No. 214.)

## DISCUSSION

In his § 2255 motion, Webster raises the following claims: trial counsel was ineffective and threatened and coerced him to plead guilty; the Assistant United States Attorney was guilty of prosecutorial misconduct by going "outside the scope of the [I]ndictment to obtain evidence" to enhance his sentence; and his sentence was harsher than the sentences of his coconspirators. (Filing No. 217.) The arguments are discussed below.

*Claims One and Three: Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, Webster must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

In his plea petition and at his change-of-plea hearing, Webster indicated his satisfaction with his attorney and his lack of any objection to the manner in which he was represented. He also stated under penalty of perjury in his plea petition, and under oath at his plea hearing, that he had not been threatened by anyone or promised anything outside his plea agreement with respect to his decision to plead guilty. The record is convincing that Webster was not threatened or coerced by his attorney to plead guilty. Accordingly, claims one and three and denied.

*Claim Two: Prosecutorial Misconduct*

Webster argues that the Assistant United States Attorney is guilty of prosecutorial misconduct for using evidence outside the Indictment to enhance his sentence. The only sentencing enhancement, the firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), was agreed to by Webster in his plea agreement. (Filing Nos. 68, 126.) The claim is denied, as no prosecutorial misconduct occurred.

*Claim Four: Disparity Among Co-conspirators' Sentences*

Webster argues that his sentence was disparate when compared with those of his codefendants. Webster's total offense level was 37, he was in criminal history category VI, and his sentencing guideline range was 360 months to life imprisonment. Webster agreed in his plea agreement to a base offense level of 38 and a 2-level gun enhancement.

Codefendant Kevin Hatch had a total offense level of 31, was in criminal history category II, and had a guideline range of 121-151 months. He received a 120-month sentence, which was lowered to 46 months on the government's Rule 35 motion. Codefendant Tami Marsolek had a total offense level of 35, was in criminal history category III, and had a sentencing guideline range of 210-262 months. She was sentenced to 210 months, and on the government's Rule 35 motion her sentence was lowered to 60 months.

No disparity is present when a more culpable defendant receives a harsher punishment. *United States v. Plaza,* 471 F.3d 876, 880 (8th Cir. 2006). The details of each defendant's substantial assistance was carefully considered before the Court lowered the sentences on the government's Rule 35 motions. The claim is denied.

## CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 217);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 217) is summarily denied;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 20th day of June, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge